Hillsborough,
No. 4317.

ABEL GOMES *v.* LUDGER ROY.

Argued October 5, 1954.

Decided October 29, 1954.

*J. Morton Rosenblum* and *Paul E. Nourie* (*Mr. Rosenblum* orally), for the plaintiff.

*Devine & Millimet* (*Mr. Shane Devine* orally), for the defendant.

DUNCAN, J.  The jury's verdict fell short by six cents of the sum of the plaintiff's property damage and his medical and hospital bills. The plaintiff suffered cuts over his left eyebrow and the bridge of his nose resulting in scars which were exhibited to the jury. According to the evidence, the cut over the eyebrow required suturing with two or three stitches.  The plaintiff testified that he suffered from headaches over a six month period, that the scars made him self-conscious to the extent that he discontinued facing audiences or microphones, and that he "had a feeling of tightness" about the scars, particularly when exposed to cold.  He was in the armed services during the period in question, and suffered no loss of time or pay.

On the issue of damages, the jury was instructed to award the plaintiff "full, fair compensation for his injuries, for his . . . bills . . . in such an amount as . . . will fairly compensate him for pain, suffering and discomfort [disfigurement?] he has suffered up until today, and for such disfigurement as you think will result to him in the future."

The jury's "duty to discount and discredit testimony when they think they should" (*Andrew* v. *Goodale,* 85 N. H. 510, 511) could reasonably account for a refusal to assess damages based upon mental suffering, or the headaches and "tightness" which the plaintiff testified were a consequence of the accident. These were wholly subjective, and required no award unless his testimony was accepted. The existence of the cuts and the ensuing scars, however, was an objective matter established on inspection by the jury as well as by a photograph received in evidence. No claim was advanced that these injuries, for which the medical and hospital bills were incurred, were not a consequence of the accident. Nor is it reasonable to assume that they were accompanied by no pain, or suffering, and that no disfigurement resulted, however paltry the jury may have considered them to be in terms of dollars and cents. See *Yacabonis* v. *Gilvickas,* 376 Pa. 247. As to these elements of damage the evidence was conclusively in favor of the plaintiff and the verdict conclusively against the weight of the evidence. *Wisutskie* v. *Malouin,* 88 N. H. 242, 246.

The failure to award damages in some amount for these indisputable injuries was in disregard of the express instructions to the jury and could only have resulted from mistake or compromise. See *Doody* v. *Railroad,* 77 N. H. 161, 167; *Smith* v. *Turner,* 92 N. H. 49. The finding by the Trial Court to the contrary cannot reasonably be permitted to stand. *Morrell* v. *Gobeil,* 84 N. H. 150, 151. See anno. 20 A. L. R. (2d) 276; *Boutte* v. *Thomas,* 105 N. Y. S. (2d) 23. For the reasons stated in *Doody* v. *Railroad, supra,* the verdict must be set aside in its entirety. *Hackett* v. *Railroad,* 89 N. H. 514, 518.

*New trial.*

All concurred.