Boyer v. Boyer

FRANKIE CHEEK BOYER v. GEORGE W. BOYER

No. 7421DC154

(Filed 6 February 1974)

1. Divorce and Alimony § 16— alimony without divorce — indignities — occurrences after separation — instructions

In an action for alimony without divorce, an instruction that the jury should not consider the testimony of plaintiff's private detective to show any indignity offered plaintiff because "anything he testified to happened after the date of the separation of the parties," if erroneous, was not prejudicial to plaintiff since the detective's testimony was fully admitted before the jury and was fully recapitulated in the charge, and defendant and a third person testified they were together on the two occasions concerning which the detective testified.

2. Trial § 42— unanimity of verdict — instructions

The trial court did not err in failing to instruct the jury that its answers to the issues had to reflect a unanimous vote absent a request for such instruction.

APPEAL by plaintiff from *Leonard, District Judge,* 17 September 1973 Session of District Court held in FORSYTH County.

Action for alimony without divorce, child custody and support, and attorney fees. Plaintiff-wife and defendant-husband were married on 6 February 1954 and lived together until 28 March 1973, when they separated. Plaintiff filed this action on 11 June 1973, alleging that for several months prior to the separation defendant would not communicate with her or with their children, that he would take weekends trips by himself, that he was moody, "and that such conduct created a situation as to render the condition of the plaintiff intolerable and life burdensome." Plaintiff also alleged that both before and after the separation defendant dated one Peggy Smith and that "said conduct is such that it constitutes an indignity to the person of the Plaintiff so as to render her condition intolerable and life burdensome."

Defendant filed answer denying he had offered indignities to the person of plaintiff, but admitting that on 6 April 1973 he had visited Peggy Smith and her children in her apartment for approximately one hour and that on one occasion he went to a movie with Peggy Smith. Defendant counterclaimed for a divorce from bed and board, alleging as grounds that plaintiff is extremely jealous and on many an occasion had accused him falsely of marital infidelity, that she constantly

nagged him, and that on 28 March 1973 she demanded he pack his clothes and leave. Plaintiff replied, denying the charges against her in the counterclaim.

After trial on the merits, issues were submitted to the jury and answered as follows:

"1. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and her life burdensome?

"ANSWER: No.

"2. Did the plaintiff offer such indignities to the person of the defendant as to render his condition intolerable and his life burdensome?

"ANSWER: No.

"3. Did the plaintiff abandon the defendant?

"ANSWER: No."

From judgment on the verdict dismissing plaintiff's action and defendant's counterclaim, plaintiff appealed.

*Wilson & Morrow by Harold R. Wilson and John F. Morrow for plaintiff appellant.*

*Teeter, Parrish & Yokley by Carol L. Teeter for defendant appellee.*

PARKER, Judge.

[1] Appellant brings forward two questions. First, she contends the trial court erred in its charge by instructing the jury not to consider the testimony of a private detective, employed by plaintiff after the separation, to show any indignity offered plaintiff, as "anything he testified to happened after the date of the separation of the parties." If this instruction be error, we find it insufficiently prejudicial to warrant a new trial. The detective's testimony was fully admitted before the jury and, despite the instruction complained of, was fully recapitulated in the charge. In addition, both defendant and Peggy Smith testified they had been together on April 6th and 7th, 1973, the two occasions concerning which the detective testified, though they denied they had engaged in any impropriety. This testimony, together with a mass of testimony from

both parties concerning their relationship over many years, was fully before the jury. We find no reversible error in the portion of the charge complained of in appellant's first question.

[2]  For her second question, appellant contends that the court erred in failing to instruct the jury that its answers to the issues had to reflect a unanimous vote. In this there was no error. "[I]n the absence of a request, a trial judge is not required to charge the jury that its verdict must be unanimous." *State v. Ingland,* 278 N.C. 42, 178 S.E. 2d 577. In order to determine whether there has been unanimous agreement to a verdict, each party has the right to have the jury polled. 2 McIntosh, N. C. Practice and Procedure 2d, § 1575. Here, there was no request for an instruction and no request that the jury be polled.

No error.

Judges BRITT and VAUGHN concur.