DOUGLAS WAYNE ROBERTSON, AN INFANT, BY AND THROUGH
HIS GUARDIAN AD LITEM, SAMUEL B. ROBERTSON v. CARPER
S. STANLEY, JR.

No. 7417SC124

(Filed 6 March 1974)

**Trial § 52— failure of jury to award damages — setting aside verdict discretionary**

   In an action to recover compensatory damages for personal injuries alleged to have been caused by defendant's negligence, the trial judge had the discretionary power, but as a matter of law was not compelled, to set aside the jury's verdict for its failure to include any award of damages for pain and suffering, and no abuse of the trial judge's discretion has been shown.

   Judge VAUGHN dissenting.

ON *Certiorari* to review order of *Kivett, Judge,* 9 April 1973 Session of Superior Court held in ROCKINGHAM County.

   Civil action by a minor plaintiff, Douglas Wayne Robertson, to recover compensatory damages for personal injuries alleged to have been caused by defendant's negligence. Plaintiff, a 9½ year old boy, was lying in the grass watching a movie at a drive-in theatre when defendant, a patron who was preparing to leave the theatre, drove his automobile over him. Defendant denied negligence and pled contributory negligence. The case was consolidated for trial with a companion case brought by George Dillard Robertson, plaintiff's father, to recover for medical expenses incurred by him in treating plaintiff's injuries. In a pretrial order the parties stipulated:

> "As a result of the accident Douglas Wayne Robertson suffered a dislocation of his right sternoclavicular joint which resulted in his hospitalization on three occasions and caused George Dillard Robertson to incur expenses in the amount of one thousand, nine hundred and seventy dollars."

The jury answered issues as follows:

> "1. Were the plaintiffs, Douglas Wayne Robertson and George Dillard Robertson injured and damaged by the negligence of the defendant, Carper S. Stanley, Jr., as alleged in the complaint?
>
> "ANSWER: Yes.

Robertson v. Stanley

"2. If so, did the plaintiff, Douglas Wayne Robertson, by his own negligence, contribute to the injuries and damages as alleged in the Answers?

"ANSWER: No.

"3. What amount, if any, is the plaintiff, Douglas Wayne Robertson, entitled to recover of the defendant, Carper S. Stanley, Jr., for personal injury?

"ANSWER: None.

"4. What amount, if any, is the plaintiff, George Dillard Robertson entitled to recover of the defendant, Carper C. Stanley, Jr., for medical expenses?

"ANSWER: Full Amount $1970.00."

Plaintiff moved pursuant to G.S. 1A-1, Rule 59(a), for a new trial on the third issue. The motion was denied. Judgment was entered that plaintiff recover nothing of defendant, that his father, George Dillard Robertson, recover from defendant for medical expenses incurred in treating the plaintiff, and that defendant pay the costs of both actions. Plaintiff gave notice of appeal, and this Court subsequently granted his petition for certiorari to allow him to perfect the appeal.

  *Harrington & Stultz by Thomas S. Harrington and Joseph G. Maddrey for plaintiff appellant.*

  *Henson, Donahue & Elrod by Joseph E. Elrod III and Richard L. Vanore for defendant appellee.*

PARKER, Judge.

Plaintiff's sole assignment of error is directed to the denial of his motion for a new trial on the issue of damages. "The granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge." *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162. Plaintiff recognizes this well-established rule, but contends that this discretionary authority of the judge is applicable only where the jury awards some amount, however small, but not where the jury awards nothing. From this he argues that it was the judge's duty as a matter of law to set aside the verdict on the third issue. We do not agree.

Robertson v. Stanley

At the outset we note that, although the evidence shows that plaintiff's injuries were such as to require that he be hospitalized three times and receive substantial medical and surgical treatment, it also shows that his doctor finally discharged him with a diagnosis that he was without any disability other than a scar on his right shoulder. Further, the jury did award damages in the full amount of his medical expenses, though because of his infancy this award went to his father, who had paid those expenses; had plaintiff been of full age, there would have been but one action and one award of damages. Thus, the question presented by this appeal is whether the trial judge's refusal to set aside the third issue must be held error as a matter of law merely because the jury failed to award plaintiff any amount of damages for his pain and suffering and other noneconomic losses. We hold that the trial judge's denial of plaintiff's motion did not constitute error as a matter of law.

Plaintiff had the burden of proof on the issue of damages. The weight and credibility of the evidence and the amount of damages to be awarded were for the jury to determine. Though plaintiff presented testimony as to his pain and suffering, the jury was not compelled to accept it. No exception was taken to the charge, and we must presume that the jury was properly instructed.

We hold that the trial judge had the discretionary power, but as a matter of law was not compelled, to set aside the jury's verdict for its failure to include any award of damages for pain and suffering. We also hold that on this record no abuse of the trial judge's discretion has been shown. He, as well as the jury, observed and heard the witnesses. The case was a close one on the issues of liability. It would have been manifestly unfair to have set aside only the third issue, which was what plaintiff's motion requested he do, without at the same time setting aside the verdict on the other issues, which plaintiff did not request.

We find

No error.

Judge BRITT concurs.

Judge VAUGHN dissenting.

By its answer to the issues the jury found that this minor was injured by the sole negligence of defendant and then said that he was not entitled to recover anything for these injuries. Obviously the jury made a mistake which the trial judge should have, on his own motion, corrected by setting the verdict aside and ordering a new trial.