DOUGLAS WAYNE ROBERTSON, AN INFANT, BY AND THROUGH HIS GUARDIAN AD LITEM, SAMUEL B. ROBERTSON v. CARPER S. STANLEY, JR.

No. 75

(Filed 1 July 1974)

1. **Trial § 52— excessive or inadequate damages — setting aside verdict**

    The granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge.

2. **Appeal and Error § 42; Damages § 16— instruction on damages — omission from record — presumption**

    Where the judge's charge was not included in the record in a personal injury action, it is presumed that the judge correctly instructed the jury on all issues and told them that if the minor plaintiff had been injured by defendant's negligence and had not contributed to his injury by his own negligence, he was entitled to a reasonable satisfaction for actual suffering, both physical and mental, which were the immediate and necessary consequences of his injuries.

3. **Damages §§ 3, 15; Trial § 52— personal injury — sufficiency of evidence of damages**

    Where the evidence tended to show that the minor plaintiff was hospitalized three times for approximately twenty-six days, that he was operated upon twice and has a permanent scar on his shoulder, and that he suffered pain over an extended period of time, jury verdict that defendant was negligent and that minor plaintiff was not contributorily negligent and that awarded only the exact amount of medical expenses claimed by plaintiff father but no damages to minor plaintiff for actual pain and suffering was contrary to the instructions of the trial court, inconsistent, and therefore improper and invalid.

4. **Appeal and Error § 62— partial new trial — error relating to one issue**

    The court will generally grant a partial new trial when the error or reason for the new trial is confined to one issue which is entirely separable from the others and it is perfectly clear that there is no danger of complication; however, the granting of a partial new trial is entirely within the discretion of the court.

5. **Appeal and Error § 62— damages — partial new trial denied**

    Where there was ground for a strong suspicion that the jury awarded no damages to minor plaintiff as a result of a compromise on the issues involving defendant's negligence and plaintiff's contributory negligence, error in assessing damages tainted the entire verdict, and it would therefore be unfair to the defendant to order a partial new trial on the issue of damages alone.

PLAINTIFF appeals from decision of the Court of Appeals, 21 N.C. App. 55, 203 S.E. 2d 83 (1974), upholding judgment of *Kivett, J.,* 9 April 1973 Session, ROCKINGHAM Superior Court.

Civil action by Douglas Wayne Robertson, minor plaintiff, to recover compensatory damages for personal injuries alleged to have been caused by defendant's negligence.

Plaintiff's evidence—defendant offered none—tends to show that he was nine and one-half years old on 10 August 1968 when his injuries were sustained. He was lying in the grass "in front of the front row of speakers at a drive-in theater watching the movie." There are driveways between the rows of speakers for traffic to come in and out of the theater, but there is no driveway in front of the front row of speakers. There is nothing between the front row of speakers and the screen except a grassy plot. Plaintiff was rolled up in a quilt to keep warm and was lying in this grassy area. The floodlights came on at the end of the movie and defendant, apparently to avoid a traffic jam forming near the exit, left the driveways constructed for vehicular use between the rows of speakers and drove across the grassy plot in front of the first row of speakers, striking plaintiff as he lay in the grass rolled up in his quilt.

As a result of the accident plaintiff suffered a dislocation of his right sternoclavicular joint requiring hospitalization on three occasions for a total of twenty-six days and two operations. The only permanent injury he suffered was a residual scar on his right shoulder.

Plaintiff brought suit to recover for his personal injuries, including pain and suffering, alleging that he had been damaged in the sum of $25,000.00. Plaintiff's father, George Dillard Robertson, brought suit to recover medical expenses (stipulated to be $1970.00) incurred by reason of his son's injury. The cases were consolidated for trial. Issues were submitted to the jury and answered as follows;

"1. Were the plaintiffs, Douglas Wayne Robertson and George Dillard Robertson injured and damaged by the negligence of the defendant, Carper S. Stanley, Jr., as alleged in the complaint?

ANSWER: Yes.

2. If so, did the plaintiff, Douglas Wayne Robertson, by his own negligence, contribute to the injuries and damages as alleged in the Answers?

ANSWER: No.

Robertson v. Stanley

3. What amount, if any, is the plaintiff, Douglas Wayne Robertson, entitled to recover of the defendant, Carper S. Stanley, Jr., for personal injury?

ANSWER: None.

4. What amount, if any, is the plaintiff, George Dillard Robertson entitled to recover of the defendant, Carper S. Stanley, Jr., for medical expenses?

ANSWER: Full Amount $1970.00."

Pursuant to Rule 59 (a), Rules of Civil Procedure, plaintiff moved for a new trial solely on the third issue—the amount of damages recoverable by the minor plaintiff. The motion was denied and judgment was entered (1) that the minor plaintiff recover nothing of defendant, (2) that George Dillard Robertson, plaintiff's father, recover $1970.00, and (3) that defendant pay the costs of both actions. The Court of Appeals upheld that judgment with Vaughn, J., dissenting. The plaintiff thereupon appealed to the Supreme Court pursuant to G.S. 7A-30 (2), assigning as error the denial of his motion for a new trial on the third issue.

*Harrington & Stultz by Thomas S. Harrington, Attorney for the plaintiff appellant.*

*Joseph E. Elrod III, of the firm Henson, Donahue & Elrod, Attorney for defendant appellee.*

HUSKINS, Justice.

Denial of his motion for a new trial on the issue of damages constitutes plaintiff's sole assignment of error. He contends the verdict is invalid *as a matter of law* and that the trial judge was duty bound to set it aside on the third issue and grant a new trial on the question of damages. On the other hand, defendant contends that denial of plaintiff's motion for a new trial on the damages issue was a discretionary act of the trial judge from which, absent abuse of discretion, no appeal lies.

[1] The rule is well established that "[t]he granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge." *Hinton v. Cline,* 238 N.C. 136, 76 S.E. 2d 162 (1953). *Accord, Brown v. Griffin,* 263 N.C. 61, 138 S.E. 2d 823 (1964) ; *Dixon v. Young,* 255 N.C. 578, 122

S.E. 2d 202 (1961). Even so, we are of the opinion that the quoted rule is inapplicable in this case because the verdict is contrary to law, inconsistent, invalid and should have been set aside *ex mero motu.*

In the consolidated trial of the actions—one by the father for medical expenses and the other by the son for personal injuries—the following was stipulated by counsel and read to the jury: "In addition to the other stipulations contained herein, the parties stipulate and agree with respect to the following undisputed facts. . . . That at the time of the accident, said Douglas Wayne Robertson was struck by an automobile being operated by the defendant. As a result of the accident, Douglas Wayne Robertson suffered a dislocation of his right sternoclavicular joint which resulted in his hospitalization on three occasions and caused George Dillard Robertson [his father] to incur expenses in the amount of one thousand nine hundred and seventy dollars." This judicial admission conclusively established in both cases the amount of medical expense incurred by the father and that the injury suffered by the son was the proximate result of being struck by defendant's automobile. This left for jury determination the questions of negligence, contributory negligence, and the amount of damages, if any, Douglas Wayne Robertson, the minor son, was entitled to recover.

In support of his claim for damages for pain and suffering and the residual scar on his shoulder, the minor plaintiff offered evidence tending to show that he was hospitalized three times for approximately twenty-six days as a result of the accident; that he was operated upon twice and has a permanent scar on his right shoulder from the operations; that he suffered pain over an extended period of time and that even to the date of the trial his shoulder hurt when he attempted to lift heavy objects; and that he was given medication to relieve the pain and suffering. Defendant offered no evidence at the trial; hence, plaintiff's evidence is uncontradicted.

[2] Since the judge's charge is not included in the record, it is presumed that the jury was instructed correctly on every principle of law applicable to the facts. *Long v. Honeycutt,* 268 N.C. 33, 149 S.E. 2d 579 (1966); *Jones v. Mathis,* 254 N.C. 421, 119 S.E. 2d 200 (1961); *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460 (1958); *White v. Lacey,* 245 N.C. 364, 96 S.E. 2d 1 (1957). Accordingly, we presume that the trial judge correctly instructed the jury on all issues and, with respect to the third

Robertson v. Stanley

issue, told the jury among other things that if the minor plaintiff had been injured by defendant's negligence and had not contributed to his injury by his own negligence, he was entitled to a reasonable satisfaction for actual suffering, both physical and mental, which were the immediate and necessary consequences of his injuries.

"The law is well settled in this jurisdiction that in cases of personal injuries resulting from defendant's negligence, the plaintiff is entitled to recover the present worth of all damages naturally and proximately resulting from defendant's tort.. The plaintiff, *inter alia,* is to have a reasonable satisfaction for actual suffering, physical and mental, which are the immediate and necessary consequences of the injury. The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present, and prospective. In assessing prospective damages, only the present cash value or present worth of such damages is to be awarded as the plaintiff is to be paid in advance for future losses. . . . Generally, mental pain and suffering in contemplation of a permanent mutilation or disfigurement of the person may be considered as an element of damages, and it would seem that the weight of authority is to that effect." *King v. Britt,* 267 N.C. 594, 148 S.E. 2d 594 (1966). It should be noted that we do not state the entire rule for compensatory damages for injury to the person but only so much of it as is strictly relevant to this case. Here, plaintiff was a nine and one-half year old boy. His nursing and medical expenses were recoverable by his father. He was not employed and suffered no loss of wages. He has no permanent disability by reason of his injury. His capacity to earn money is not involved unless he could show that the scar on his shoulder is such a permanent mutilation or disfigurement as to mar his appearance to the extent that it lessens or reduces his opportunities to obtain remunerative employment in the future. Hence the measure of damages in this particular case is a reasonable satisfaction for actual suffering, both physical and mental, which are the immediate and necessary consequences of his injuries. Mental pain and suffering resulting from the permanent scar on his shoulder, if any be shown, may be considered as an element of damages; and if it be shown that the scar mars his appearance to such an extent that his opportunities to obtain remunerative employment in the future are lessened, then such evidence may be considered as an element of damages. *King v. Britt, supra. See Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683 (1955).

Notwithstanding the uncontradicted evidence of pain and suffering and the instruction of the judge on the law, the jury found that Douglas Wayne Robertson had been injured by the negligence of the defendant with no contributory negligence on his part and yet found he had suffered no compensable damages for pain and suffering and permanent scarring. Under such circumstances, with the evidence of pain and suffering clear, convincing and uncontradicted, it is quite apparent that the verdict is not only inconsistent but also that it was *not rendered in accordance with the law.* Such verdict indicates that the jury arbitrarily ignored plaintiff's proof of pain and suffering. If the minor plaintiff was entitled to a verdict against defendant by reason of personal injuries suffered as a result of defendant's negligence, then he was entitled to *all* damages that the law provides in such case.

Many cases from other jurisdictions hold that a verdict allowing the exact amount of medical expenses, but awarding nothing for pain and suffering where claim therefor was properly made and clearly proven, is invalid and cannot stand. See Annot., Verdict Omitting Damages for Pain, 20 A.L.R. 2d 276 (1951). In some cases the appellate court granted a new trial on the ground that such a verdict is contrary to the instructions of the trial court on the issue of damages and is therefore improper and invalid. *Murrow v. Whiteley,* 125 Colo. 392, 244 P. 2d 657 (1952); *Browder v. Beckman,* 275 Ill. App. 193 (1934); *Timmerman v. Schroeder,* 203 Kan. 397, 454 P. 2d 522 (1969); *Wall v. Van Meter,* 311 Ky. 198, 223 S.W. 2d 734 (1949); *Fordon v. Bender,* 363 Mich. 124, 108 N.W. 2d 896 (1961); *Gomes v. Roy,* 99 N.H. 233, 108 A. 2d 552 (1954); *Lehner v. Interstate Motor Lines, Inc.,* 70 N.J. Super. 215, 175 A. 2d 474 (1961).

In other cases the appellate court held that such a verdict is inconsistent and therefore invalid. *Pickel v. Rosen,* 214 So. 2d 730 (Fla. Ct. App. 1968); *Burkett v. Moran,* 410 P. 2d 876 (Okla. 1965); *Hall v. Cornett,* 193 Ore. 634, 240 P. 2d 231 (1952).

In *Edmondson v. Keller,* 401 S.W. 2d 718 (Tex. Civ. App. 1966), the appellate court granted a new trial on the ground that the verdict "was against the greater weight and preponderance of the evidence because the undisputed evidence shows the plaintiff sustained substantial injuries or in any event some damages. . . . The amount of damages is largely within the jury's

Robertson v. Stanley

discretion. However, they must award something for every element of damage resulting from an injury."

In *Gallentine v. Richardson*, 248 Cal. App. 2d 152, 56 Cal. Rptr. 237 (1967), the appellate court held that "where damage is proven as a proximate result of defendant's negligence, the exact amount of plaintiff's special damages are awarded, and no award is made for the detriment suffered through pain, suffering, inconvenience, shock or mental suffering. . . [such] award . . . is inadequate *as a matter of law*." (emphasis added.)

In *Todd v. Bercini*, 371 Pa. 605, 92 A. 2d 538 (1952), the jury awarded the exact amount of the medical expenses but nothing for pain and suffering. In affirming the trial court's award of a new trial, the Pennsylvania Supreme Court said:

"A trial is a systematic, organized procedure for determining the truth and awarding justice with precision, to the extent that precision can be ascertained through fallible human agencies. A trial is not to be a mere conscious *approximation of reality*. It is not the province of a jury to decide *generally* the issue presented to it for decision, in the spirit of boundless generosity or restrained benevolence. If Mrs. Todd was entitled to a verdict from the defendant because of the injuries he inflicted upon her as the result of his negligence, she was entitled to *all* that the law provides in such a case. And the items of pain, suffering and inconvenience . . . are inevitable concomitants with grave injuries . . . . A jury may not eliminate pain from wounds when all human experience proves the existence of pain . . . . When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf as it hands it to the plaintiff."

There is some authority to the contrary. In *City of Miami v. Smith*, 165 So. 2d 748 (Fla. 1964), the jury returned a verdict for the exact amount of medical expenses claimed by plaintiff in his action to recover for injuries sustained when he fell on an allegedly defective portion of sidewalk. The Florida Supreme Court held that denial of plaintiff's motion for a new trial was not an abuse of discretion by the trial judge. The Court reasoned that such a verdict did not conclusively show that all elements of damage were not considered and that "the jurors may well have concluded that although there was in fact no com-

pensable pain and suffering, the petitioner, nevertheless, had incurred medical expense and was to that extent entitled to recover."

In *Leizear v. Butler*, 226 Md. 171, 172 A. 2d 518 (1961), the jury awarded plaintiff his medical expenses and lost wages but awarded nothing for pain and suffering. While recognizing that appellate courts in other jurisdictions had granted new trials for failure of the jury to award damages for pain and suffering, the Maryland court held its "firmly established" rule that the appellate court would "rarely, if ever" review the actions of the trial court in allowing or refusing a new trial for excessive or inadequate damages, was controlling.

[3]   In keeping with the weight of authority in other jurisdictions, we hold that the verdict in this case is contrary to the instructions of the trial court, is inconsistent, and therefore improper and invalid. The trial judge on his own motion should have set the verdict aside and ordered a new trial on all issues. Since he did not do so and denied plaintiff's motion for a *partial* new trial, we must now decide whether it is proper under the circumstances (1) to order a partial new trial on the issue of damages alone, (2) to order a new trial on all issues, or (3) to let the judgment stand.

[4]   "It is settled beyond controversy that it is entirely discretionary with the Court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication." *Lumber Co. v. Branch*, 158 N.C. 251, 73 S.E. 164 (1911). *Accord, Paris v. Aggregates, Inc.*, 271 N.C. 471, 157 S.E. 2d 131 (1967); *Jenkins v. Hines Co.*, 264 N.C. 83, 141 S.E. 2d 1 (1965). Before a partial new trial is ordered, "it should clearly appear that no possible injustice can be done to either party." *Jarrett v. Trunk Co.*, 144 N.C. 299, 56 S.E. 937 (1907).

Courts are reluctant to grant a new trial as to damages alone unless it is clear that the error in assessing damages did not affect the entire verdict. The rule is stated as follows:

"As a condition to the granting of a partial new trial, it should appear that the issue to be tried is distinct and separable from the other issues, and that the new trial can

be had without danger of complications with other matters. Particularly is this true where the error in the verdict relates to the amount of damages assessed and it appears that this error was not the result of any ruling by or charge from the trial judge, but was committed solely by the jury itself after retiring to consider its verdict; in such a case it is difficult to say that the entire verdict was not affected by the cause from which resulted the error in the amount of damages." 58 Am. Jur. 2d, New Trial, § 25 (1971).

"Where it appears that the verdict was the result of a compromise, such error taints the entire verdict and requires a new trial as to all of the issues in the case. If the award of damages to the plaintiff is 'grossly inadequate,' so as to indicate that the jury was actuated by bias or prejudice, or that the verdict was a compromise, the court must set aside the verdict in its entirety and award a new trial on all issues." 58 Am. Jur. 2d, New Trial, § 27 (1971).

The limitations expressed in the quoted rule are supported by a multitude of cases. See annotations in 98 A.L.R. 941 (1935) and 29 A.L.R. 2d 1199 (1953) and cases cited. In the latter annotation a vast number of cases are cited for the proposition that "[a] new trial as to damages alone should not be granted where there is ground for a strong suspicion that the jury awarded inadequate damages to the plaintiff as a result of a compromise involving the question of liability." 29 A.L.R. 2d 1199, § 10 (1953).

[5]   Under the circumstances here presented, there is ground for a strong suspicion that the jury awarded no damages to the minor plaintiff as a result of a compromise on the first and second issues involving the question of liability. For that reason we think the error in assessing damages tainted the entire verdict and it would therefore be unfair to the defendant to order a partial new trial on the issue of damages alone.

In our opinion, the issues of negligence, contributory negligence, and damages are so inextricably interwoven that a new trial on all issues is necessary. It is so ordered.

No appeal was taken in the father's case and the judgment rendered in his favor, with the costs in both cases, has been paid. That case is closed. In fact, no one seeks to disturb it. It is not affected by our disposition of this case.

For the reasons stated, the verdict and judgment with respect to this minor plaintiff's case, but not otherwise, are vacated and the case remanded for a new trial on all issues. The decision of the Court of Appeals, insofar as it conflicts with this opinion, is reversed.

Reversed and remanded.