BETTY ROUSE SMITH v. MYRTLE TEW BEASLEY AND DURAL LEE FISH

No. 7810SC742

(Filed 19 June 1979)

1. Trial § 32.2— instruction on unanimity of verdict

   The trial court did not err in instructing the jury that a "verdict is not a verdict until all 12 of your minds concur."

2. Automobiles § 91.5; Trial § 52.1— alleged inadequate damages—refusal to set aside verdict

   In this action to recover for injuries suffered by plaintiff in an automobile accident, the trial judge did not abuse his discretion in refusing to set aside a jury verdict of $3,350 on the ground that the jury arbitrarily omitted an amount for pain and suffering because plaintiff's evidence showed medical expenses, lost wages and lost benefits of over $3,800, since the jury could have failed to believe that all of plaintiff's medical expenses and other damages which she sought to prove were caused by the accident, and the jury was not compelled to believe testimony as to the nature, extent and cause of her pain.

   Judge CLARK dissenting.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 4 April 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 1 May 1979.

Plaintiff instituted this action seeking to recover damages for personal injuries sustained in an automobile accident. On 13 October 1975, between 7:30 and 8:00 a.m., plaintiff was proceeding westwardly on Highway 70. As she approached the intersection of Highway 70 and New Rand Road, defendant Beasley drove her son-in-law's car into plaintiff's path. Plaintiff was unable to stop but swerved to her left and hit the side of defendant's car. Plaintiff's car spun around throwing plaintiff against the door and bumping her head. Plaintiff was shaken and had a bump on her head but was not bleeding. When she sat down in the police car, however, she noticed a severe pain in her back. She had never had any previous back problems. Plaintiff went to the emergency room at Rex Hospital where she was examined by Dr. Robert Nelson. Plaintiff then went home and stayed in bed for a couple of weeks. Plaintiff had several sessions with a physical therapist, during which she was placed in traction and hot moist heat was applied to her lower back. She also did exercises. Plaintiff was uncomfortable riding in a car because sitting in one position for any length of time was painful. Plaintiff has continued exercise treatments to help her back.

Plaintiff's evidence shows that she was an active person prior to this accident. She and her husband rode motorcycles and took camping trips. She bowled and coached a church softball team. Since the accident she has been unable to partake of any of these activities. She has trouble lifting things such as a basket of clothes, and she cannot reach up into a cabinet.

As a result of her injury, plaintiff contended that she lost $3,040.00 in salary, $277.95 in retirement pay, $177.84 in social security contributions, and $66.00 in hospitalization insurance. She also incurred medical bills of $387.00. Dr. Nelson told plaintiff that she could return to work on 20 February 1976. Her previous position had been terminated, however, and she was unable to find a job until 15 March 1976.

Defendant, called by plaintiff as a hostile witness, testified that she pleaded guilty to a traffic charge arising out of this accident. She did not see plaintiff's car before she pulled into the intersection. Defendant presented no evidence.

Smith v. Beasley

The jury found that plaintiff was injured by defendant's negligence and awarded damages in the amount of $3,350.00. The plaintiff's motion to set aside the verdict for inadequate damages and motion for a new trial were denied and judgment was entered in accordance with the jury's verdict. From this judgment, plaintiff appeals.

*Brenton D. Adams, for plaintiff appellant.*

*Young, Moore, Henderson & Alvis, by Robert C. Paschal and George M. Teague, for defendant appellees.*

VAUGHN, Judge.

[1] Plaintiff first contends that the trial court erred in instructing the jury that a "verdict is not a verdict until all 12 of your minds concur." Plaintiff argues that this instruction was insufficient to prevent the jury from reaching a compromise verdict or a verdict by majority vote when the entire charge is considered. We have no reason to believe that the jury was misled or confused by this instruction. *See Boyer v. Boyer,* 20. N.C. App. 637, 202 S.E. 2d 297, *cert. den.,* 285 N.C. 233, 204 S.E. 2d 22 (1974). This assignment of error is overruled.

[2] Plaintiff next contends that the jury verdict was inadequate because they failed to make any award for pain and suffering. Plaintiff asserts that her out-of-pocket expenses were over $3,800.00 and, therefore, the jury's award of $3,350.00 could not have included any award for pain and suffering. The general rule is that " '[t]he granting or the denying of a motion for a new trial on the ground that the damages assessed by the jury are excessive or inadequate is within the sound discretion of the trial judge.' " (Citations omitted.) *Robertson v. Stanley,* 285 N.C. 561, 563, 206 S.E. 2d 190 (1974), reversing the decision of this Court in the same case reported in 21 N.C. App. 55, 203 S.E. 2d 83 (1974). The trial court's ruling should not be reversed unless a clear abuse has been shown. *See Howard v. Mercer,* 36 N.C. App. 67, 243 S.E. 2d 168 (1978). In *Robertson v. Stanley, supra,* the minor plaintiff and his father sued defendant for damages resulting from defendant hitting plaintiff with his car in a drive-in theater. The parties stipulated as to the medical bills incurred and plaintiff produced evidence of pain and suffering. The jury found that

defendant was negligent and awarded plaintiff's father damages in the amount of the medical expenses. They awarded plaintiff nothing for his personal injury. Plaintiff's motion for a new trial was denied and plaintiff appealed. The Supreme Court reversed, finding that the jury had arbitrarily ignored plaintiff's evidence of pain and suffering. "If the minor plaintiff was entitled to a verdict against defendant by reason of personal injuries suffered as a result of defendant's negligence, then he was entitled to *all* damages that the law provides in such cases." *Robertson v. Stanley, supra,* at 566.

*Robertson,* however, is distinguishable from the present case. Here the amount of plaintiff's medical expenses, lost wages and lost benefits were disputed while in *Robertson* the medical expenses were stipulated. The dissent in the Robertson case when it was decided in the Court of Appeals pointed out

> "By its answer to the issues the jury found that this minor was injured by the sole negligence of defendant and then said that he was not entitled to recover anything for these injuries. Obviously the jury made a mistake which the trial judge should have, on his own motion, corrected by setting the verdict aside and ordering a new trial." *Robertson v. Stanley,* 21 N.C. App. 55, 58, 203 S.E. 2d 83 (1974).

The jury is entitled to believe or disbelieve all or part of plaintiff's evidence. The jury could have failed to believe that all of plaintiff's medical expenses, lost wages and other special damages that she sought to prove were caused by the accident. Certainly they were not compelled to so find and neither were they required to believe the testimony as to the nature, extent and cause of her pain. We do not conclude, therefore, that the jury arbitrarily ignored plaintiff's evidence and rendered an inconsistent verdict or one not in accordance with the law. *See Brown v. Moore,* 286 N.C. 664, 213 S.E. 2d 342 (1975). The judge did not abuse his discretion when he declined to set the verdict aside. This assignment of error is overruled.

We have carefully considered plaintiff's remaining assignments of error and conclude that no error has been shown which would require a new trial.

No error.

Judge CARLTON concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The majority distinguishes *Robertson* from the present case on the ground that: "Here the amount of plaintiff's medical expenses, lost wages and lost benefits were disputed while in *Robertson* the medical expenses were stipulated." These damage claims were disputed only in the sense that the pertinent allegations in the complaint were denied on information and belief. The plaintiff offered uncontradicted evidence of medical expenses in the sum of $387.00, of loss of wages and wage benefits in the sum of $3,495.79. The jury award was $3,350.00. The fact that the award was less than the amount of actual damages which the uncontradicted evidence tends to show must be considered in light of the charge to the jury. This amount was not referred to in the charge, either in the summary of the evidence or in explaining the law applicable to the damage issue. This indicates to me that the jury did not know the total sum shown by the evidence or did not understand that all the damages shown were recoverable, not that the jury failed to believe some of plaintiff's evidence. Plaintiff's testimony of discomfort and pain were fully supported by other witnesses, including the attending physician, Dr. Nelson, and the physical therapist, Ann Hodges. Though some of plaintiff's symptoms of injury were subjective, Dr. Nelson testified that he had no reason to believe that they did not exist. Obviously some pain and discomfort accompanied the diagnosed acute lumbo-sacral sprain. Under these circumstances the ground relied on by the majority for distinguishing the case is not convincing. In my opinion the verdict is contrary to the instructions of the trial court, is inconsistent, and therefore improper and invalid.

Further, the court failed to charge on plaintiff's loss of use of her back as an element of damages. There was substantial evidence of such loss of use, apart from pain and suffering and loss of earnings, which required the court to charge on this element of damages. The harm in this error was increased by the failure to award damages for pain and suffering.

I vote to set aside the verdict and order a new trial on all issues.