ALFRED B. FAEBER v. E. C. T. CORPORATION

No. 7212SC675

(Filed 25 October 1972)

1. Trial § 38— request for instructions

When a party aptly tenders a written request for a specific instruction which is correct in itself and supported by the evidence, the failure of the court to give the instruction, at least in substance, is error.

2. Master and Servant § 9— breach of employment contract — sufficiency of instructions

In an action to recover for breach of an employment contract, the trial court's instructions sufficiently covered the meaning of the terms "legal justification," "sufficient cause," and "wrongful discharge," although the court did not specifically define those terms as had been requested by defendant.

APPEAL by defendant from *Clark, Judge,* at the April 1972 Civil Session of CUMBERLAND Superior Court.

Plaintiff instituted this action to recover $11,000 allegedly due him for breach of a contract of employment with defendant. The jury found (1) that defendant wrongfully terminated the contract of employment with plaintiff and (2) that plaintiff was entitled to recover $8,415. From judgment entered on the verdict, defendant appealed.

*McCoy, Weaver, Wiggins, Cleveland & Raper by William E. Clark for plaintiff appellee.*

*Nance, Collier, Singleton, Kirkman & Herndon by Charles H. Kirkman for defendant appellant.*

Faeber v. E. C. T. Corp.

BRITT, Judge.

Defendant submits that the questions raised in its three assignments of error are included in its contention that "the court erred in its failure and refusal to instruct the jury as requested by the defendant in apt time to give instructions to the jury as specially prayed for as to the meaning of the terms 'legal justification,' 'sufficient cause' and 'wrongful discharge.'"

[1] It is the duty of the trial court to charge the law applicable to the substantive features of the case arising on the evidence, without special requests, and to apply the law to the various factual situations presented by the conflicting evidence. 7 Strong, N. C. Index 2d, Trial, § 33, pp. 324, 325. When a party aptly tenders a written request for a specific instruction which is correct in itself and supported by evidence, the failure of the court to give the instruction, at least in substance, is error. *Bass v. Hocutt*, 221 N.C. 218, 19 S.E. 2d 871 (1942). However, the court is not required to charge the jury in the precise language of the instructions requested so long as the substance of the request is included in the charge. *King v. Higgins*, 272 N.C. 267, 158 S.E. 2d 67 (1967).

[2] After a careful review of the charge in the instant case, we conclude that the court properly instructed the jury with respect to the law applicable to the substantive features of the case, and properly applied the law to the evidence. Defendant's prayer for special instructions was in two parts. First, defendant "spelled out" an instruction that it wanted given; the court gave that instruction almost verbatim. (R. p. 77.) Defendant then requested that the court instruct the jury on the terms "legal justification," "sufficient cause," and "wrongful discharge" and cited *Hagan v. Jenkins*, 234 N.C. 427, 429. We conclude that while the court did not specifically define the terms requested by defendant, its instructions sufficiently covered the meaning of the terms. We perceive no prejudice to defendant; therefore, the assignments of error are overruled.

No error.

Chief Judge MALLARD and Judge BROCK concur.