KENNETH ALLEN ANDERSON Plaintiff v. CURTIS DALE AUSTIN, RONALD
AUSTIN, and FRANCES AUSTIN, Defendants

No. 9315SC648

(Filed 7 June 1994)

1.  **Automobiles and Other Vehicles § 564 (NCI4th)— automo-
    bile accident—willful and wanton conduct by plaintiff pas-
    senger—sufficiency of evidence**

    In an action to recover for injuries sustained in an automobile
    accident, the trial court properly instructed on and submitted to the
    jury the issue of willful or wanton conduct on the part of plaintiff
    where the evidence tended to show that plaintiff routinely drank
    beer, smoked marijuana, and then either drove an automobile or rode
    with a driver who had engaged in that same behavior; on the night of
    the accident both plaintiff and the driver had been drinking, and the
    driver had a blood alcohol level of .234; and plaintiff knew the dri-
    ver's license had been revoked for driving while impaired.

    **Am Jur 2d, Automobiles and Highway Traffic § 423.**

2.  **Automobiles and Other Vehicles § 564 (NCI4th)— plain-
    tiff's use of alcohol, marijuana, cars—evidence of habit—
    admissibility to show willful and wanton conduct**

    In an action to recover for injuries sustained in an automo-
    bile accident, evidence of plaintiff's habits with regard to alcohol,
    marijuana, and automobiles was relevant to defendants' claim of
    willful or wanton conduct on the part of plaintiff, and the trial
    court did not abuse its discretion in concluding that the relevan-
    cy of the evidence was not substantially outweighed by the dan-
    ger of unfair prejudice.

    **Am Jur 2d, Automobiles and Highway Traffic § 423.**

Appeal by plaintiff from order and judgment filed 30 December
1992 and appeal by defendants Curtis Dale Austin and Frances Austin
from ruling denying motions for directed verdict by Judge J. Milton
Read, Jr. in Alamance County Superior Court. Heard in the Court of
Appeals 10 March 1994.

ANDERSON v. AUSTIN

[115 N.C. App. 134 (1994)]

*Hayes Hofler & Associates, P.A., by R. Hayes Hofler and Laurel E. Solomon, for plaintiff.*

*Carruthers & Roth, P.A., by Kenneth R. Keller and John M. Flynn, for defendant Curtis Dale Austin.*

*Henson Henson Bayliss & Sue, by Walter K. Burton and Brian A. Buchanan, for defendants Ronald Austin and Frances Austin.*

LEWIS, Judge.

Plaintiff commenced this action to recover for injuries sustained as a result of an automobile accident. Plaintiff alleged that he was a passenger in the car driven by defendant Curtis Dale Austin (hereinafter "Curtis"). Plaintiff sought to hold Ronald and Frances Austin, the parents of Curtis, liable under the family purpose doctrine and under the theory of negligent entrustment. The trial court directed a verdict in favor of defendant Ronald Austin and submitted the case to the jury. The jury found that Curtis negligently drove the car and that his conduct was willful or wanton. In addition, the jury found that plaintiff was contributorily negligent and that his conduct was also willful or wanton, and thus awarded plaintiff no damages. Accordingly, the jury did not address the issues of family purpose and negligent entrustment. From the order granting defendant Ronald Austin's motion for directed verdict, and from the judgment, plaintiff appeals. From rulings denying Curtis and Frances Austin's motions for directed verdict, defendants Curtis and Frances Austin appeal.

The evidence at trial tended to show that on the evening of 28 September 1990 at approximately 10:30 p.m., Curtis drove to John Michael Mitchell's (hereinafter "John") home in a 1974 Oldsmobile, which was titled in Frances Austin's name. When Curtis arrived, John and plaintiff were in the backyard drinking beer. Shortly thereafter, the three went to a nearby convenience store to purchase more beer, with Curtis driving plaintiff's car. They then returned to John's house and drank the beers. When they had finished all the beer, they went to the store to purchase more beer. On this occasion, Curtis was driving the 1974 Oldsmobile. As they left the store, Curtis was driving, John was in the passenger's seat, and plaintiff was in the back seat. Thereafter, at approximately 1:20 a.m., the car left the roadway and crashed, injuring all three men.

Medical testimony at trial showed that at the time of the accident, Curtis' blood alcohol level was approximately .234, and plain-

tiff's was between .11 and .13. Furthermore, urine tests of both plaintiff and Curtis revealed the presence of marijuana. Curtis testified, over plaintiff's objections, that he, John, and plaintiff would regularly meet at John's house to drink beer and smoke marijuana, and then drive in one of their cars. Curtis also testified, and plaintiff denied, that plaintiff knew that Curtis' driver's license had been revoked, and as of the date of the accident was still revoked, for driving while impaired.

[1] Plaintiff's first contention on appeal is that the trial court erred in submitting to the jury the issue of plaintiff's willful or wanton conduct. Plaintiff argues that his conduct amounted to no more than simple contributory negligence, and therefore an instruction on a greater degree of culpability was improper. We disagree.

Plaintiff bases his argument on the holdings of *Pearce v. Barham*, 271 N.C. 285, 156 S.E.2d 290 (1967) and similar cases, which have stated that where the driver of a vehicle engages in willful or wanton conduct, the mere failure of the passenger to protest or remonstrate, or to ask the driver to stop and let him out, amounts to no more than simple contributory negligence, and will not bar recovery against the driver. However, in the present case, there was evidence tending to show that plaintiff did more than merely fail to protest or remonstrate, and that his actions rose to the level of willful or wanton conduct.

An act is willful when it is done purposely and deliberately in violation of the law, or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason. *King v. Allred*, 76 N.C. App. 427, 431, 333 S.E.2d 758, 761, *disc. review denied*, 315 N.C. 184, 337 S.E.2d 857 (1985). An act is wanton when it is done of wicked purpose, or when it is done needlessly, with reckless indifference to the rights of others. *Id.* at 432, 333 S.E.2d at 761.

It is the duty of the trial court to instruct the jury on the law with regard to every substantial feature of the case. *Bolick v. Sunbird Airlines, Inc.*, 96 N.C. App. 443, 448, 386 S.E.2d 76, 79 (1989), *disc. review on additional issues denied*, 326 N.C. 363, 389 S.E.2d 811, *aff'd per curiam*, 327 N.C. 464, 396 S.E.2d 323 (1990). The instructions must be based on evidence, which when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the claim or defense asserted. *Id.* at 448-49, 386 S.E.2d at 79.

In the instant case, the evidence, when viewed in the light most favorable to defendants, tended to show that plaintiff routinely drank beer, smoked marijuana, and then either drove an automobile or rode with a driver who had engaged in that same behavior. On the night of the accident, both plaintiff and Curtis had been drinking, and had gone to the store twice for more beer. Curtis' blood alcohol level at the time of the accident was approximately .234. Plaintiff's expert testified that at such a level of intoxication, Curtis would be flush-faced, his pupils would be dilated, his eyeballs would move rapidly, he would stagger when turning, and his speech would be thick. Furthermore, plaintiff knew that Curtis' driver's license had been revoked for driving while impaired, yet he still allowed Curtis to drive the car in which he was a passenger. We conclude that the jury could reasonably find that plaintiff acted knowingly and of set purpose, and that his behavior indicated a reckless disregard for his own safety and the safety of others. Accordingly, the trial court properly instructed on, and submitted to the jury, the issue of willful or wanton conduct on the part of plaintiff.

[2] Plaintiff's next contention on appeal is that the trial court erred in admitting the testimony relating to his prior course of conduct involving alcohol, marijuana, and automobiles. The trial court admitted such testimony under Rule 406 of the Rules of Evidence, which provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

N.C.G.S. § 8C-1, Rule 406 (1992). Plaintiff argues that the evidence was inadmissible because evidence of alcohol use on a prior occasion is not relevant to the issue of whether a person was drinking on the date in question, and that if it was relevant in the instant case, any relevance was substantially outweighed by the danger of unfair prejudice.

We first note that the habit evidence in the present case was not admitted to prove that plaintiff was drinking on the night in question. The theory advanced at trial by defendants was that plaintiff had a habit of engaging in the above-described behavior, and that his conduct on the night in question was willful or wanton, in conformity with the habit. That is, the evidence showed that plaintiff was taking

the same risk on the night in question that he habitually took. The more often plaintiff took this risk, the greater the knowledge he had of the dangers inherent in taking the risk. And, knowledge of the dangers involved, together with an intentional or reckless disregard of those dangers, tends to show that his conduct was willful or wanton. We agree with defendants' theory of admissibility and conclude that the evidence of habit was relevant to defendants' claim of willful or wanton conduct on the part of plaintiff, and that the trial court did not abuse its discretion in concluding that the relevance of the evidence was not substantially outweighed by the danger of unfair prejudice. Accordingly, the trial court properly admitted the evidence.

Plaintiff also argues that the trial court erred in granting defendant Ronald Austin's motion for a directed verdict and in excluding testimony regarding Ronald Austin's maintenance of automobile insurance. However, the jury found that plaintiff's conduct was willful or wanton, barring his recovery, and thus did not have to reach the issues regarding the liability of the parents of Curtis Austin. Therefore, because we find no error in the judgment of the trial court, we need not address the issues regarding the liability of Ronald Austin.

Defendants Curtis and Frances Austin have also appealed, arguing that the trial court erred in denying their motions for directed verdict. Because we find no error in the judgment of the trial court, which was in favor of defendants and which dismissed plaintiff's claims, we need not address Curtis and Frances Austin's appeals.

For the reasons stated, we conclude that the trial court committed no error.

No error.

Chief Judge ARNOLD and Judge COZORT concur.