DEBORAH BLUM AND SHELLEY BLUM, Plaintiffs-Appellants v. ROBERT G. WORLEY AND HARRIET M. WORLEY, Defendants-Appellees

No. COA95-54

(Filed 19 December 1995)

**Trespass §§ 28, 51 (NCI4th)— transporting mobile home across land—damage to trees and undergrowth—failure to instruct on punitive damages—error**

The trial court erred in failing to give a punitive damages instruction where the evidence tended to show that defendants, who had been given permission to transport a mobile home on a road traversing plaintiffs' property, trimming small limbs if need be, in fact inflicted wholesale damages to the property by using a bulldozer to flatten numerous trees and undergrowth alongside the road; however, the court did not err in refusing to instruct the jury on damages done to the intrinsic or aesthetic value of the land where the evidence was too ephemeral to support such a damage instruction, and in refusing to instruct on criminal trespass statutes.

**Am Jur 2d, Trespass §§ 148-152, 157-161.**

Appeal by plaintiffs from judgment entered 16 September 1994 by Judge Julia Jones in Mitchell County Superior Court. Heard in the Court of Appeals 29 September 1995.

*Shelley Blum and Deborah Blum, pro se, for plaintiff appellants.*

*Bailey and Bailey, by G. D. Bailey and J. Todd Bailey, for defendant appellees.*

SMITH, Judge.

Plaintiffs bring forward three assignments of error based on the failure of the trial court to give requested jury instructions. The requested, but denied instructions, include those for: (1) punitive damages; (2) intrinsic value damages resulting from defendants' trespass; and (3) use of criminal statutes regarding trespass to land.

We agree the trial court erred in its refusal to charge on the punitive damages issue. Accordingly, we reverse and remand for a new trial on punitive damages. However, we find plaintiffs' other assign-

BLUM v. WORLEY

[121 N.C. App. 166 (1995)]

ments of error without merit and affirm the judgment of the trial court on those issues.

Defendants contracted to purchase a double-wide mobile home. The mobile home was to be delivered and set up on property owned by defendants. However, to get to defendants' property, the mobile home had to pass along a private road running across plaintiffs' property. Defendants requested and received permission to transport the mobile home across plaintiffs' property via the road. The scope of that permission is contested by the parties. Defendants argue that the permission given allowed them to "[d]o what [was] necessary to get the house up the road." Plaintiffs maintain the permission given was expressly limited to cutting tree limbs impeding passage of the mobile home; no trees were to be cut down. Plaintiffs assert that defendants assured them the road was wide enough for unobstructed passage, save for some minor tree limbs.

During the attempted delivery, it became apparent that plaintiffs' road was not wide enough to allow for unobstructed passage of the mobile home. Defendants maintain trees, undergrowth, and assorted debris on plaintiffs' property blocked passage of the mobile home. Due to the impasse created by the obstructions, defendants procured the use of a bulldozer, and flattened interfering areas alongside the road.

The amount of damage to plaintiffs' property is contested. Plaintiffs' evidence tends to show extensive damage was done to the property, including destruction of fifty young black walnut trees. Defendants admit to "taking out" three or four trees, a linden tree, and assorted debris in the course of moving the mobile home.

Plaintiffs bring forth three assignments of error. The first two assignments of error address the trial court's refusal to charge the jury on: (1) the issue of punitive damages; and (2) damages from the loss of the land's intrinsic value, i.e., the land's aesthetics, the black walnut saplings and the linden tree. Plaintiffs' third assignment of error addresses the trial court's refusal to take judicial notice of criminal statutes regarding trespass to land, and the trial court's denial of an instruction based on these same criminal statutes.

Plaintiffs' complaint alleged that defendants' acted "willfully, deliberately, intentionally and tortiously . . . damaging the quality of [plaintiffs'] land by trespassing. The complaint also alleged defendants' conduct was "in reckless disregard of plaintiff's rights." At trial,

plaintiff presented evidence indicating the bulldozer operator was told by defendant Robert Worley "to do whatever was necessary" to get the mobile home through the property. Defendant Robert Worley admits making this statement. Further, the record indicates defendant told plaintiff Deborah Blum that he "just cut three" trees, and that the trees were no bigger than a circle made by touching thumb to index finger. Testimony by the defendant indicates that he watched and directed the bulldozer operator, as the operator trammeled several trees.

Plaintiffs in this case requested punitive damages instructions twice, requests which were refused by the trial court. The rules regarding disposition of jury instruction requests are well-settled. In reviewing the trial court's decision to give or not give a jury instruction, the preliminary inquiry is whether, in the light most favorable to the proponent, the evidence presented is sufficient to support a reasonable inference of the elements of the claim asserted. *Anderson v. Austin*, 115 N.C. App. 134, 443 S.E.2d 737, 739, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 806 (1994).

Once a party has aptly tendered a request for a specific instruction, correct in itself and supported by the evidence, failure of the trial court to render such instruction, in substance at least, is error. *Faeber v. E.C.T. Corp.*, 16 N.C. App. 429, 430, 192 S.E.2d 1, 2 (1972); 28 Strong's N.C. Index 4th *Trial* § 300 (1994). Further,

> [i]t is the *duty* of the trial court to charge the law applicable to the substantive features of the case arising on the evidence, without special requests, and to apply the law to the various factual situations presented by the conflicting evidence.

*Faeber*, 16 N.C. App. at 430, 192 S.E.2d at 2 (emphasis added); *Austin*, 115 N.C. App. at 136, 443 S.E.2d at 739; 28 Strong's N.C. Index 4th *Trial* § 311 (1994).

Plaintiffs' cause of action, in common law trespass against defendants, is based on the following:

> "[o]ne who enters upon the land of another with the consent of the possessor may, by his subsequent wrongful act in excess or abuse of his authority to enter, become liable in damages as a trespasser."

*Blackwood v. Cates*, 297 N.C. 163, 167, 254 S.E.2d 7, 9 (1979) (quoting *Smith v. VonCannon*, 283 N.C. 656, 660, 197 S.E.2d 524, 528 (1973)).

The jury in the instant case found the defendants culpable of this civil offense. However, commission of this sort of trespass, in and of itself, would not justify a punitive damages instruction. *Lee v. Bir*, 116 N.C. App. 584, 449 S.E.2d 34, 38 (1994), *cert. denied*, 340 N.C. 113, 454 S.E.2d 652 (1995). In *Bir*, this Court held that when "more than a scintilla of evidence exist[s] from which the jury could find that defendant's trespass was accompanied by a reckless disregard for [the landowner's] rights," a punitive damages charge is warranted. *Bir*, 116 N.C. App. at 589, 449 S.E.2d at 36.

The evidence presented by plaintiffs, viewed in a light most favorable to them, showed more than mere common law trespass. Plaintiffs' evidence tended to reinforce allegations in their complaint, pointing toward property damage " 'done knowingly and of set purpose.' " *King v. Allred*, 76 N.C. App. 427, 431, 333 S.E.2d 758, 761, *disc. review denied*, 315 N.C. 184, 337 S.E.2d 857 (1985) (quoting *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37 (1929) (citations omitted)). The evidence tends to show that defendants went far beyond the scope of permission given by plaintiffs, resulting in extensive harm to plaintiffs' property.

After inflicting wholesale damage to the property, the evidence indicates defendants' description of that damage to plaintiffs was disingenuous at best. Such acts, viewed favorably toward plaintiffs, support the view that defendants conducted themselves in "reckless disregard for plaintiff[s'] rights." *Lee v. Bir*, 116 N.C. App. at 589, 449 S.E.2d at 38. Further, plaintiffs have shown more than a "scintilla" in support of their requested punitive damages instruction. The evidence presented by plaintiffs is of a kind from which reasonable jurors could infer that defendants' damage was "wilful" or "deliberate." *King*, 76 N.C. App. at 431, 333 S.E.2d at 761.

Based on this evidence, and other testimony in the record, we find that plaintiffs presented sufficient evidence to support a charge for punitive damages. Thus, the trial court should have given a punitive damages instruction.

Next, plaintiffs appeal from the trial court's decision not to instruct the jury on damages done to the "intrinsic value" of the land. Instructions on damage done to the intrinsic or aesthetic value of land are appropriate in certain circumstances. *Bir*, 116 N.C. App. at 590-91, 449 S.E.2d at 36. Again, the rule is that an instruction request must be preceded by evidence sufficient to support the desired charge. *Austin*, 115 N.C. App. at 136, 443 S.E.2d at 739.

In *Bir*, the proponents of an instruction on intrinsic or aesthetic value presented an expert witness to buttress their damage claim. *Bir*, 116 N.C. App. at 591, 449 S.E.2d at 39. There, an architect testified that the "cutting of trees affected the aesthetic value of [plaintiff's] property" by making the defendant's house more visible and proximate to the plaintiff's residence and property. *Id.* In the instant case, no such authoritative evidence was presented.

In their brief, plaintiffs argue that plaintiff Deborah Blum's testimony about being a "steward on the land" is enough to support the aesthetic value instruction requested. It is long-settled that damages will not be had where the evidence is purely speculative or conjectural. *Godwin v. Vinson*, 254 N.C. 582, 587, 119 S.E.2d 616, 620 (1961). Plaintiff Blum's testimony, unsupported by anything more, is too ephemeral to support such a damage instruction. The trial court did not err in refusing this instruction.

Plaintiffs' final assignment of error concerns the trial court's refusal to take judicial notice of, and to give instructions based on, criminal trespass statutes. Plaintiffs have not supported this assignment of error with any case law remotely on point. The Court has reviewed the only case cited in support of this assignment, *Moye v. Thrifty Gas Co.*, 40 N.C. App. 310, 252 S.E.2d 837, *disc. review denied*, 297 N.C. 611, 257 S.E.2d 219 (1979). *Moye* does not discuss the use of criminal statutes in a relevant fashion in any meaningful sense. Therefore, plaintiffs' assignment of error is deemed abandoned. *See Byrne v. Bordeaux*, 85 N.C. App. 262, 265, 354 S.E.2d 277, 279 (1987); N.C.R. App. P. 28(b)(5) (1995).

In summary, we find error in the trial court's failure to give a punitive damages instruction, as the evidence supported plaintiffs' request. Thus, we grant a new trial on punitive damages. We affirm the trial court on the remaining two assignments of error.

New trial on the punitive damage issue. On remaining issues, the trial court is affirmed.

Chief Judge ARNOLD and Judge GREENE concur.