**KING v. BROOKS**

[224 N.C. App. 315 (2012)]

DONALD KING, PLAINTIFF

v.

JIMMY LEE BROOKS, TOMMY LEE BROOKS, A/K/A TOMMIE LEE BROOKS, FRANKIE LEE SOUTHERLAND, A/K/A FRANKIE LEE SOUTHLAND, JESSICA FAWN CHAVEZ, A/K/A JESSICA FREE, HENDERSON RACHMAN, NICHOLAS JONES, WILLIAM WRIGHT, AND WILLIAM WRIGHT D/B/A WRIGHT'S COIN SHOP, DEFENDANTS

No. COA12-533

Filed 18 December 2013

**1. Conversion—defense—bona fide purchaser for value—good faith—directed verdict denied**

The trial court did not err in a conversion action by denying defendant's motions for directed verdict and JNOV. Assuming that a *bona fide* purchaser for value defense to conversion exists in North Carolina, the stories the co-defendants told defendant about their titles to the coins at issue were weak.

**2. Conversion—instructions—bona fide purchase for value—requested instruction incorrect**

The trial court properly refused to give the jury an instruction on the *bona fide* purchaser for value defense in a conversion action. Defendant's requested instruction to the jury was an incorrect statement of law in that it required the jury to make an irrelevant finding.

**3. Damages and Remedies—compromise verdict—allegation not supported by evidence**

The trial court did not abuse its discretion by denying defendant's motion for a new trial based on the allegation that the jury returned a "compromise" verdict. The precedent relied upon by defendant concerned damages for pain and suffering, unlike this case, where the jury simply awarded plaintiff his full recovery from defendant and then allowed defendant to recover from his co-defendants. There was no evidence that the jury returned a compromise verdict or blatantly ignored the judge's instructions.

Judge STROUD concurring in result only.

Appeal by William Wright from judgment entered 15 September 2011 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 10 October 2012.

KING v. BROOKS

[224 N.C. App. 315 (2012)]

*William E. Loose for Plaintiff-Appellee.*

*Patla, Straus, Robinson & Moore, P.A., by Brian D. Gulden, for Defendant-Appellant.*

BEASLEY, Judge.

William Wright (Appellant) appeals from the jury's verdict finding him liable to Donald King (Appellee) for conversion. For the following reasons, we affirm.

Appellee is a collector of many things, including coins, stamps, antiques, and sports memorabilia. Between April 2007 and June 2007, thieves broke into Appellee's house at least once and stole a number of collectible items from his home. Appellant is one of several defendants in this case and is a coin shop owner.

Detective Ron Heacock of the Buncombe County Sheriff's Department spoke with Appellant in the course of investigating the break-in(s) at Appellee's home. Appellant had purchased coins from several of his co-defendants. Detective Heacock informed Appellant that individuals matching the descriptions of Jimmy Brooks and Nicholas Jones had attempted to sell some stolen coins at a shop in Black Mountain. The coin dealer in Black Mountain questioned the individuals at length about their title to the coins but turned them away when it was evident that they did not understand the nature of the coins and refused to show identification. Detective Heacock told Appellant that his co-defendants were suspects in the theft(s) and were suspected of selling the coins they had stolen, which made Appellant "visibly upset." The stories provided to Appellant by his co-defendants regarding their title to the coins varied. Appellant was told that some of the coins were acquired through various trades with a drug addict who had inherited the coins; that some of the coins were being sold to pay for the care of a disabled child, who was present at the store; and that some of the coins were acquired in exchange for caring for an elderly woman. By Appellant's testimony, nothing about these stories made him think that the coins might be stolen. Appellant paid Jimmy Brooks approximately $19,207; Tommy Brooks about $1,507; Frankie Southerland around $56,800; Jessica Chavez approximately $6,648; and Nick Jones about $3,300. Appellant cooperated with the Sheriff's Department and was able to recover some of Appellee's property. Some items had Appellee's name on them. Appellant's co-defendants were later charged criminally in conjunction with the break-in(s) at Appellee's home. Appellant's co-defendants pled guilty to a variety of charges.

Appellee filed a complaint for conversion, among other claims, on 18 March 2009 in Buncombe County Superior Court. Appellant filed an answer and crossclaim on 26 May 2009. Appellant cross-claimed against co-defendants Frankie Southerland, Jessica Chavez, and Jimmy Brooks for fraud and civil conspiracy. Mr. Wright filed an amended crossclaim on 4 February 2011 to add claims of fraud and civil conspiracy against Tommy Brooks.

At the close of Appellee's evidence and the close of all evidence, Appellant moved for directed verdict. Those motions were denied. Appellant also requested a jury instruction on an affirmative defense. Appellant argued that he was a bona fide purchaser for value without knowledge that the coins were stolen, and as such the jury should be instructed on this defense. The trial court denied Appellant's request for a jury instruction.

On 9 September 2011, the jury returned a verdict finding Appellant and his co-defendants liable to Appellee. Specifically, the jury found Appellant, Tommy Brooks, and Frankie Southerland liable for conversion. The jury found that Appellant owed $84,000 in damages to Appellee. Only nominal damages were awarded against Tommy Brooks and Frankie Southerland. The jury found Tommy Brooks liable to Appellant for fraud in the amount of $1,507. The jury found Frankie Southerland liable to Appellant for fraud in the amount of $56,800. Appellee obtained a judgment by default on 15 September 2011 against Jimmy Brooks, Nicholas Jones, and Jessica Chavez.

Appellant filed a motion for judgment notwithstanding the verdict (JNOV) or in the alternative a new trial on 22 September 2011. The same was denied on 11 October 2011. Appellant filed his timely notice of appeal to this Court on 26 October 2011.

[1] Appellant argues the trial court erred in denying his motions for directed verdict and JNOV because he presented sufficient evidence that he was a bona fide purchaser for value. If such a defense exists in North Carolina, we nonetheless affirm the trial court's denial of both motions.

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322, 411 S.E.2d 133, 138 (1991)(citing *Kelly v. Int'l Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971)). "On appeal the standard of review for a JNOV is the same as that for a directed verdict, that is whether the evidence was sufficient to go to

the jury." *Tomika Invs., Inc. v. Macedonia True Vine Pentecostal Holiness Church of God, Inc.*, 136 N.C. App. 493, 498-99, 524 S.E.2d 591, 595 (2000). A motion for directed verdict or JNOV should be denied "unless the evidence, taken as true and viewed in the light most favorable to the plaintiff, establishes an affirmative defense as a matter of law." *Radford v. Keith*, 160 N.C. App. 41, 43, 584 S.E.2d 815, 817 (2003). Our review is *de novo. Austin v. Bald II, L.L.C.*, 189 N.C. App. 338, 342, 658 S.E.2d 1, 4 (2008).

"In this state, conversion is defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.' " *Spinks v. Taylor*, 303 N.C. 256, 264-65, 278 S.E.2d 501, 506 (1981)(quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956)), *superseded by statute on other grounds as stated in Stanley v. Moore*, 339 N.C. 717, 454 S.E.2d 225 (1995). There is some authority in North Carolina indicating that the status of a bona fide purchaser for value is a defense to the tort of conversion. In *Singer Manufacturing Co. v. Summers*, 143 N.C. 102, 105-06, 55 S.E. 522, 523 (1906), the Supreme Court stated,

> It is well established that when a man's property has been obtained from him by actionable fraud or covin, the owner can follow and recover it from the wrongdoer as long as he can identify or trace it; and the right attaches, not only as to the wrongdoer himself, but to any one to whom the property has been transferred otherwise than in good faith and for valuable consideration. . . . The principle applies, not only to specific property, but to money and choses in action.

*Singer* appears to open the door for a bona fide purchaser for value defense, given the language allowing the rightful owner to trace his property into the hands of those who have acquired the property in a manner other than for value and in good faith. *Id.* A more recent case from our Supreme Court also seems to recognize the bona fide purchaser for value defense to conversion. The Supreme Court held that if the defendant proved that it did not have notice, constructive or actual, that the funds it acquired were the plaintiff's property, then the defendant could not be liable for conversion. *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, ___ N.C. ___, ___, 723 S.E.2d 744, 749 (2012).

Taking the evidence in the light most favorable to Appellee, Appellant did not establish the affirmative defense of a bona fide purchase for value as a matter of law. We find that the stories that Appellant's co-defendants fed him regarding their titles to the coins are weak in establishing his good faith in purchasing the coins. Appellant did not establish his affirmative defense as a matter of law, and the trial court properly denied both the motion for directed verdict and the motion for JNOV.

**[2]** Further, Appellant did not submit a correct statement of law to the trial court. Thus, the trial court properly refused to give the jury an instruction on the bona fide purchase for value.

"[R]equests for special instructions—*i.e.*, non-pattern jury instructions—must be submitted to the trial court in writing prior to the charge conference. Requests for special instructions not made in compliance with N.C. Gen. Stat. § 1-181 and Rule 51(b) may be denied at the trial court's discretion." *Swink v. Weintraub*, 195 N.C. App. 133, 155, 672 S.E.2d 53, 67-68 (2009)(citations omitted), *review denied*, 363 N.C. 812, 693 S.E.2d 352 (2010).

> When reviewing the refusal of a trial court to give certain instructions requested by a party to the jury, this Court must decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim. If the instruction is supported by such evidence, the trial court's failure to give the instruction is reversible error.

*Ellison v. Gambill Oil Co.*, 186 N.C. App. 167, 169, 650 S.E.2d 819, 821 (2007)(citations omitted), *aff'd per curiam and review improvidently allowed*, 363 N.C. 364, 677 S.E.2d 452 (2009). The Court has reviewed an appeal regarding jury instructions under the above standard of review, rather than abuse of discretion, even when counsel did not sign the instructions as required by Rule 51. *Kinsey v. Spann*, 139 N.C. App. 370, 373, 533 S.E.2d 487, 490-91 (2000). Based on *Kinsey*, this Court can "decide whether the evidence presented at trial was sufficient to support a reasonable inference by the jury of the elements of the claim," even though Appellant's counsel did not sign the written proposed jury instructions. *Ellison*, 186 N.C. App. at 169, 650 S.E.2d at 821.

> A specific jury instruction should be given when "(1) the requested instruction was a correct statement of law and (2) was supported by the evidence, and that (3) the

instruction given, considered in its entirety, failed to encompass the substance of the law requested and (4) such failure likely misled the jury."

*Outlaw v. Johnson*, 190 N.C. App. 233, 243, 660 S.E.2d 550, 559 (2008) (quoting *Liborio v. King*, 150 N.C. App. 531, 534, 564 S.E.2d 272, 274 (2002)). This Court has previously upheld a refusal to give an instruction to the jury where the instruction misstated the applicable law for the jury. *Cobb ex rel. Knight v. Town of Blowing Rock*, ___ N.C. App. ___, ___, 713 S.E.2d 732, 736, 740 (2011)(affirming, in both the majority and dissenting opinion, the trial court's refusal to instruct the jury on a landowner's purported higher duty of care owed to a child because it was an incorrect statement of law), *rev'd on other grounds*, ___ N.C. ___, 722 S.E.2d 479 (2012).

The applicable portion of the written instructions proposed by Appellant's counsel read as follows:

> Was the Defendant a purchaser of currency for value without knowledge of any defect of title and in good faith?
> On this issue, the burden of proof is on the Defendant. This means that the Defendant must prove, by the greater weight of the evidence, these things:
> First, that what the Defendant purchased was currency.
> . . .

A diligent investigation in North Carolina's statutory and case law reveals no requirement that a defendant purchase currency. If the defense exists, it seemingly requires only that a defendant purchase the converted property for value, in good faith, without notice, constructive or actual, that the property has been converted. *See Variety Wholesalers*, ___ N.C. at ___, 723 S.E.2d at 749; *Singer*, 143 N.C. at 105-06, 55 S.E. at 523. As such, Appellant's requested instruction to the jury is an incorrect statement of law in that it requires the jury to make an irrelevant finding. The trial court properly denied the request for this instruction.

**[3]** Appellant argues that the trial court erred in denying his motion for a new trial because the jury returned a "compromise" verdict. We disagree.

"[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether

the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington v. Bynum*, 305 N.C. 478, 482, 290 S.E.2d 599, 602 (1982).

Appellant cites *Roberston v. Stanley*, 285 N.C. 561, 206 S.E.2d 190 (1974), for the proposition that a new trial should be granted when the jury renders a compromise verdict or demonstrates a misunderstanding of the law. *Roberston* is inapposite. This Court has stated that *Roberston* "dealt exclusively with the issue of damages for pain and suffering." *McFarland v. Cromer*, 117 N.C. App. 678, 682, 453 S.E.2d 527, 529 (1995). This Court has also stated that *Robertson* "held that uncontroverted damages cannot be arbitrarily ignored by the jury." *Warren v. Gen. Motors Corp.*, 142 N.C. App. 316, 320, 542 S.E.2d 317, 319 (2001).

Here, the damages are not for pain and suffering. The jury also did not ignore the law; they simply awarded Appellee his full recovery from Appellant and then allowed Appellant to recover from his co-defendants. Appellant could have sought a judgment by default against Jimmy Brooks and Jessica Chavez to, in essence, indemnify his loss. Appellant also could have pursued claims against Nicholas Jones, another co-defendant whom he paid for property stolen from Appellee's home. There is no evidence that the jury returned a compromise verdict or blatantly ignored the judge's instructions. As such, we find no abuse of discretion and affirm the denial of the motion for a new trial.

For the reasons stated above, we affirm the trial court's denial of the motion for directed verdict, motion for JNOV, request for jury instructions, and motion for a new trial.

Affirmed.

Judge ELMORE concurs.

Judge STROUD concurs in result only.